# EXHIBIT 1

CERTIFIED MAIL™

7011 1570 0002 3791 5241

NEOPOST
10/06/2016
US POSTAGE $008.20⁰

FIRST-CLASS MAIL

ZIP 48150
041L11264969

Metroplex MI 480 ZIP
FRI 07 OCT 2016 AM

CUMMINGS · McCLOREY

# C M D A

DAVIS & ACHO, P.L.C.

ATTORNEYS AND COUNSELORS AT LAW

33900 SCHOOLCRAFT
LIVONIA, MI 48150-1392

Pepsico, Inc.
c/o The Corporation Company
30600 Telegraph Rd., Suite 2345
Bingham Farms, MI 48025

00342357-1



CUMMINGS•McCLOREY

DAVIS & ACHO, P.L.C.

ATTORNEYS AND COUNSELORS AT LAW
33900 SCHOOLCRAFT ROAD ▪ LIVONIA, MICHIGAN 48150 ▪ PHONE: (734) 261-2400 ▪ FACSIMILE: (734) 261-4510

James R. Acho
jacho@cmda-law.com

October 5, 2016

The Corporation Company,
Resident Agent
30600 Telegraph Rd., Suite 2345
Bingham Farms, MI 48025

***Certified Mail, Return
Receipt Requested***

Re: *Joe C. Thomas v Pepsico, Inc., Pepsi Cola Bottling Company, and
Pepsi Beverages Company* / *Case No. 16-012519-CD*

Dear Sir/Madam:

In connection with the above-referenced lawsuit, enclosed you will find a Summons and Complaint in which you have 28 days to file an answer or to take other lawful action.

Thank you for your immediate attention.

Sincerely,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

James R. Acho

JRA/brj
Encl.

*Certified Mail #70111570000237915241*

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO. 16-012519-CD Hon. Patricia Perez Fresard |
|---|---|---|

2 Woodward Ave., Detroit MI 48226

Court Telephone No. 313-224-5173

| **Plaintiff** Thomas, Joe C | v | **Defendant** PEPSICO, INC., aka PEPSI |
|---|---|---|
| **Plaintiff's Attorney** James R. Acho (P 62175) 33900 Schoolcraft Livonia, MI 48150 (734) 261-2400 | | **Defendant's Attorney** |

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1.  You are being sued.
2.  **YOU HAVE 21 DAYS** after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3.  If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 9/30/2016 | This summons expires 12/30/2016 | Court clerk File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action  ☐ remains  ☐ is no longer _____ pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**

☒ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.

☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action  ☐ remains  ☐ is no longer _____ pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) City of Detroit, County of Wayne, Michigan | Defendant(s) residence (include city, township, or village) City of Detroit, County of Wayne, Michigan |
|---|---|

Place where action arose or business conducted
City of Detroit, County of Wayne, Michigan

September 30, 2016
Date

Signature of attorney/plaintiff



If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(BX11) MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(CX2Xa) (b), MCR 3.206(A)

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | **PROOF OF SERVICE** | CASE NO. 16-012519-CD |
|---|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**          OR          ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: _____ (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: _____ (notarization required)

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
      List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of me information, knowledge and belief.

| Service fee $ | Miles traveled $ | Mileage fee $ | Total fee $ | Signature |
|---|---|---|---|---|
| | | | | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                                              Date

My commission expires: _____   Signature: _____
                                    Date                                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                                                                    Attachments

_____ on _____
                                        Day, date, time

_____ on behalf of _____

Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JOE C. THOMAS,

          Plaintiff

v

PEPSICO, INC.,aka PEPSI, PEPSI
COLA BOTTLING COMPANY, and
PEPSI BEVERAGES COMPANY,

          Defendants

Case No.
HON.

*CD*
16-012519-CD
FILED IN MY OFFICE
WAYNE COUNTY CLERK
9/30/2016 12:58:45 PM
CATHY M. GARRETT

CUMMINGS, MCCLOREY, DAVIS & ACHO, P.L.C.
By: JAMES R. ACHO (P 62175)
Attorneys for Plaintiff
33900 Schoolcraft
Livonia, MI 48150
(734) 261-2400

There is no civil action between these parties arising out of the
same transaction or occurrences alleged in this Complaint pending
in this Court, nor has any such action been assigned to a Judge.

**VERIFIED COMPLAINT**

NOW COMES the Plaintiff, JOE C. THOMAS, by and through his attorneys,

CUMMINGS, McCLOREY, DAVIS & ACHO, specifically by JAMES R. ACHO, and

hereby complains against the Defendants, stating more fully as follows:

**PARTIES, VENUE AND JURISDICTION**

1.    Plaintiff, Joe C. Thomas, is an individual residing in the City of Detroit,

County of Wayne, State of Michigan.

1

2.    Defendant, Pepsico, Inc. ("Pepsi"), is an international bottling conglomerate, with offices and plants in the State of Michigan, specifically in the City of Detroit, County of Wayne, State of Michigan.

3.    That all transactions or occurrences herein occurred in the City of Detroit, County of Wayne, State of Michigan.

4.    Defendant Pepsico, Inc. ("Pepsi") is an employer within the meaning of the Michigan Persons With Disabilities Civil Rights Act (MPWDA), MCL 37.1101 and the Americans With Disabilities Act (ADA), 29 CFP.1630-1641, and the Family & Medical Leave Act (FMLA), 29 USC §2601.

5.    That the amount in controversy exceeds $25,000.00.

6.    That venue and jurisdiction are otherwise proper in this Court.

## COMMON ALLEGATIONS

7.    Plaintiff hereby incorporates paragraphs 1 through 6 above, as though fully re-written herein.

8.    Defendant first employed Plaintiff on February 10, 2015.

9.    Prior to his employment with Defendant Pepsi, Plaintiff Thomas spent several years in the tool and die industry, where he developed a good reputation for having a strong work ethic.

10.   Plaintiff was hired on February 10, 2015 as a "Batcher" at $18.22 an hour plus comprehensive medical benefits.

11.   Plaintiff Thomas did not receive a 30, 60 or 90 day review and did not receive a written annual personnel review for 2015.

2

12.    Plaintiff did, however, receive verbal reviews, and was repeatedly told he was "doing a great job" by his supervisors, specifically Senior Batcher Kevin Gilhooly and Quality Control Supervisor Frank Toprowski.

13.    That in the fall of 2015, Defendant Pepsi implemented a new batch verification system or policy.

14.    The new batch verification policy was flawed and would lead to batcher errors.

15.    Plaintiff Thomas, a quiet and non-confrontational individual, initially said nothing to his supervisors, even though it was clear to everyone that the batch verification system was faulty.

16.    On October 22, 2015, Plaintiff was written up for an error in batching.

17.    On January 29, 2016, Plaintiff received a second write-up for a similar error.

18.    On March 7, 2016, Plaintiff Thomas received a third write-up, for yet again another batching error.

19.    All three write-ups Plaintiff received were illegitimate in the eyes of Plaintiff Thomas and his colleagues, because the errors were not due to the performance of Plaintiff Thomas, but because the batch verification system itself was flawed.

20.    As a result, Plaintiff Thomas refused to sign all three of the write-ups.

21.    As a result of the stress placed upon him by having to deal with a faulty batch verification system as a batcher, Plaintiff Thomas began to suffer health challenges.

3

22. Plaintiff Thomas suffered a nervous breakdown in May, 2016, and was taken by ambulance to the hospital.

23. Plaintiff Thomas was diagnosed with anxiety disorder and his physician placed Plaintiff on leave.

24. Plaintiff immediately filed the necessary paperwork for FMLA and short term disability leave (STD).

25. Plaintiff was determined to "have a determinable physical or mental characteristic" described by the ADA and MPWDA, specifically by MCL 37.1103(d), in that Plaintiff has a disability as defined by that section, and the Defendant employer was made aware of this.

26. After Plaintiff Thomas' third write-up, Plaintiff Thomas emailed Production Manager Rachael Green and complained about the verification policy and that Plaintiff felt he was being harassed by Supervisor Marvin Hendricks.

27. In addition, Plaintiff Thomas called the Pepsi employee hotline because after multiple calls to the Human Resources Department and not receiving a return call, Plaintiff Thomas knew of no other way to complain of not just the faulty batch verification system, but the abusive treatment he was receiving.

28. It was clear that Pepsi received Plaintiff Thomas' complaints, because Supervisor Frank Toprowski contacted Plaintiff Thomas and assured him the batch verification system was going to be tweaked, and that Plaintiff Thomas would have no future issues with his employment, and that Defendant Pepsi expected Plaintiff Thomas to remain in an employee for many years to come.

4

29. Plaintiff Thomas was never late and never tardy and was always reliable as an employee. On days where he would take a personal day, he followed all appropriate protocol. In addition, Plaintiff Thomas always got along with fellow employees, and was well liked for his cheerful demeanor and consistent work ethic.

30. Plaintiff Thomas returned from his STD and FMLA leave on or about August 1, 2016. On the day Plaintiff Thomas returned, Plaintiff went through the morning shift huddle and all of Plaintiff's co-workers welcomed him back and indicated they were happy to see him.

31. After an hour, Plaintiff Thomas was pulled out of his shift and terminated.

32. Plaintiff was told he was being terminated for a fourth write-up, for something that had happened months prior.

33. This was transparent and vindictive in nature, and Defendant's motives were quite clear: Defendant terminated Plaintiff in retaliation for taking FMLA and STD as well as complaining to management about the faulty batch verification system.

34. That Defendant's termination of Plaintiff was unlawful and constitutes disability discrimination and retaliation.

35. That as a result of Defendant's unlawful acts, Plaintiff Thomas has suffered economic damages including lost wages, back pay, future pay, future raises and all other benefits provided, and further Plaintiff was forced to suffer a loss of health benefits, vacation pay, holiday pay and all other fringe benefits. Plaintiff has also suffered non-economic damages, including mental anguish, anxiety, as well as humiliation and embarrassment.

5

<u>COUNT I</u>

## <u>DISABILITY DISCRIMINATION AND RETALIATION IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT</u>

36.     Plaintiff hereby incorporates paragraphs 1 through 35 above, as though fully re-written herein.

37.     That as previously stated, Plaintiff is a member of a protected class by virtue of his medical condition, and that Defendant was well aware of Plaintiff's medical condition, and that further, Plaintiff was protected by the ADA, and MPWDA.

38.     That Plaintiff's medical condition and the fact Plaintiff took leave to treat said medical condition was clearly a factor in his termination by the Defendant, as well as Defendant's failure to re-hire Plaintiff in August, 2016.

39.     The MPWDA and ADA provide that an employer shall not discharge or otherwise discriminate or retaliate against an individual with respect to compensation or the terms, conditions or privileges of employment because of a disability.

40.     That Defendant did affect the terms and conditions of Plaintiff's employment by terminating Plaintiff's employment and subsequently refusing to re-hire him due to his disability as defined by the MPWDA.

41.     The fact that Plaintiff suffered a nervous breakdown on the job site and was forced to take leave to recuperate from same did not mean Plaintiff deserved to be terminated. In fact, the opposite was in fact true.

42.     That Plaintiff's performance, aside from situations involving the faulty batch verification system, was always and stellar and consistent. As such, Defendant

had no legitimate business reason that it would terminate and not re-hire Plaintiff in August, 2016.

43.     That in fact Defendant did recognize Plaintiff's disability at the time he was rushed by ambulance to the hospital, and subsequently spoke to the Defendant representatives.

44.     That despite the foregoing, Defendant retaliated against Plaintiff Thomas and terminated his employment on the very day he returned to work, providing a transparent and phony explanation for the termination.

45.     That Defendant's actions against the Plaintiff are egregious and solely based on his medical condition and the fact that he took leave for same, and proximately caused Plaintiff Thomas to suffer back pay and future pay, future raises and all other benefits provided, and further has forced Plaintiff to suffer a loss of health benefits, vacation pay, holiday pay, and has also caused the Plaintiff to suffer mental anguish, anxiety, as well as humiliation and embarrassment.

WHEREFORE, Plaintiff, JOE C. THOMAS, hereby requests that this Honorable Court grant him an award in an amount in excess of $25,000.00 to which this Court believes Plaintiff Thomas is entitled, to fully compensate him for his economic and non-economic damages, which he has sustained as a direct and proximate result of Defendant's unlawful retaliation and termination of Plaintiff. Plaintiff likewise seeks recovery for his actual attorney's fees and costs and whatever other equitable relief this Honorable Court deems just.

7

<u>**COUNT II**</u>

<u>**DISCRIMINATION AND RETALIATION IN**</u>
<u>**VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT**</u>

46.    Plaintiff hereby incorporates paragraphs 1 through 45 above, as though fully re-written herein.

47.    That as previously stated, Plaintiff is a member of a protected class by virtue of his medical condition, and that Defendant was well aware of Plaintiff's medical condition, and that further, Plaintiff was protected by §2615 of the Family & Medical Leave Act, otherwise found at 29 USC §2601 et. seq.

48.    That Plaintiff's medical condition and the fact Plaintiff took leave to treat said medical condition was clearly a factor in his termination by the Defendant, as well as Defendant's failure to re-hire Plaintiff in August, 2015.

49.    The FMLA provides that an employer shall not discharge or otherwise discriminate or retaliate against an individual with respect to compensation or the terms, conditions or privileges of employment because of a disability.

50.    That Defendant did affect the terms and conditions of Plaintiff's employment by terminating Plaintiff's employment and subsequently refusing to re-hire him due to his disability as defined by §2615 of the Family & Medical Leave Act, otherwise found at 29 USC §2601 et. seq.

51.    The fact that Plaintiff suffered a nervous breakdown on the job site and was forced to take leave to recuperate from same did not mean Plaintiff deserved to be terminated. In fact, the opposite was in fact true.

8

52.     That Plaintiff's performance, aside from situations involving the faulty batch verification system, was always and stellar and consistent. As such, Defendant had no legitimate business reason that it would terminate and not re-hire Plaintiff in August, 2015.

53.     That in fact Defendant did recognize Plaintiff's disability at the time he was rushed by ambulance to the hospital, and subsequently spoke to the Defendant's representatives.

54.     That despite the foregoing, Defendant retaliated against Plaintiff Thomas and terminated his employment on the very day he returned to work, providing a transparent and phony explanation for the termination.

55.     That Defendant's actions against the Plaintiff are egregious and solely based on his medical condition and the fact that he took leave for same, and proximately caused Plaintiff Thomas to suffer back pay and future pay, future raises and all other benefits provided, and further has forced Plaintiff to suffer a loss of health benefits, vacation pay, holiday pay, and has also caused the Plaintiff to suffer mental anguish, anxiety, as well as humiliation and embarrassment.

WHEREFORE, Plaintiff, JOE C. THOMAS, hereby requests that this Honorable Court grant him an award in an amount in excess of $25,000.00 to which this Court believes Plaintiff Thomas is entitled, to fully compensate him for his economic and non-economic damages, which he has sustained as a direct and proximate result of Defendant's unlawful retaliation and termination of Plaintiff. Plaintiff likewise seeks

9

recovery for his actual attorney's fees and costs and whatever other equitable relief this

Honorable Court deems just.

**VERIFIED STATEMENT:**

I verify that all the allegations in this Complaint are true to the best of my
recollection.

*Joe C Thomas*

**JOE C. THOMAS**

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

By: /s/ James R. Acho
    JAMES R. ACHO (P 62175)
    33900 Schoolcraft
    Livonia Michigan  48150
    (734) 261-2400

Dated: September 29, 2016

10

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JOE C. THOMAS,

    Plaintiff

    v                         Case No.
                                  HON.

PEPSICO, INC., and PEPSI
BEVERAGES COMPANY,

    Defendants

CUMMINGS, MCCLOREY, DAVIS & ACHO, P.L.C.
By: JAMES R. ACHO (P 62175)
Attorneys for Plaintiff
33900 Schoolcraft
Livonia, MI  48150
(734) 261-2400

### DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff, JOE C. THOMAS, by and through his attorneys,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., by JAMES R. ACHO, and demands

a jury trial in the above-entitled action.

    Respectfully submitted,

    CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

    By: /s/ James R. Acho
        JAMES R. ACHO (P 62175)
        33900 Schoolcraft
        Livonia Michigan  48150
        (734) 261-2400

Dated: September 29, 2016

11

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JOE C. THOMAS,

        Plaintiff

v

PEPSICO, INC.,aka PEPSI, PEPSI
COLA BOTTLING COMPANY, and
PEPSI BEVERAGES COMPANY,

        Defendants

Case No.
HON.

*CD*

16-012519-CD

FILED IN MY OFFICE
WAYNE COUNTY CLERK
9/30/2016 12:58:45 PM
CATHY M. GARRETT

/

---

CUMMINGS, MCCLOREY, DAVIS & ACHO, P.L.C.
By: JAMES R. ACHO (P 62175)
Attorneys for Plaintiff
33900 Schoolcraft
Livonia, MI  48150
(734) 261-2400

/

---

There is no civil action between these parties arising out of the
same transaction or occurrences alleged in this Complaint pending
in this Court, nor has any such action been assigned to a Judge.

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, JOE C. THOMAS, by and through his attorneys,

CUMMINGS, McCLOREY, DAVIS & ACHO, specifically by JAMES R. ACHO, and

hereby complains against the Defendants, stating more fully as follows:

### PARTIES, VENUE AND JURISDICTION

1.     Plaintiff, Joe C. Thomas, is an individual residing in the City of Detroit,

County of Wayne, State of Michigan.

2. Defendant, Pepsico, Inc. ("Pepsi"), is an international bottling conglomerate, with offices and plants in the State of Michigan, specifically in the City of Detroit, County of Wayne, State of Michigan.

3. That all transactions or occurrences herein occurred in the City of Detroit, County of Wayne, State of Michigan.

4. Defendant Pepsico, Inc. ("Pepsi") is an employer within the meaning of the Michigan Persons With Disabilities Civil Rights Act (MPWDA), MCL 37.1101 and the Americans With Disabilities Act (ADA), 29 CFP.1630-1641, and the Family & Medical Leave Act (FMLA), 29 USC §2601.

5. That the amount in controversy exceeds $25,000.00.

6. That venue and jurisdiction are otherwise proper in this Court.

## COMMON ALLEGATIONS

7. Plaintiff hereby incorporates paragraphs 1 through 6 above, as though fully re-written herein.

8. Defendant first employed Plaintiff on February 10, 2015.

9. Prior to his employment with Defendant Pepsi, Plaintiff Thomas spent several years in the tool and die industry, where he developed a good reputation for having a strong work ethic.

10. Plaintiff was hired on February 10, 2015 as a "Batcher" at $18.22 an hour plus comprehensive medical benefits.

11. Plaintiff Thomas did not receive a 30, 60 or 90 day review and did not receive a written annual personnel review for 2015.

2

12. Plaintiff did, however, receive verbal reviews, and was repeatedly told he was "doing a great job" by his supervisors, specifically Senior Batcher Kevin Gilhooly and Quality Control Supervisor Frank Toprowski.

13. That in the fall of 2015, Defendant Pepsi implemented a new batch verification system or policy.

14. The new batch verification policy was flawed and would lead to batcher errors.

15. Plaintiff Thomas, a quiet and non-confrontational individual, initially said nothing to his supervisors, even though it was clear to everyone that the batch verification system was faulty.

16. On October 22, 2015, Plaintiff was written up for an error in batching.

17. On January 29, 2016, Plaintiff received a second write-up for a similar error.

18. On March 7, 2016, Plaintiff Thomas received a third write-up, for yet again another batching error.

19. All three write-ups Plaintiff received were illegitimate in the eyes of Plaintiff Thomas and his colleagues, because the errors were not due to the performance of Plaintiff Thomas, but because the batch verification system itself was flawed.

20. As a result, Plaintiff Thomas refused to sign all three of the write-ups.

21. As a result of the stress placed upon him by having to deal with a faulty batch verification system as a batcher, Plaintiff Thomas began to suffer health challenges.

3

22. Plaintiff Thomas suffered a nervous breakdown in May, 2016, and was taken by ambulance to the hospital.

23. Plaintiff Thomas was diagnosed with anxiety disorder and his physician placed Plaintiff on leave.

24. Plaintiff immediately filed the necessary paperwork for FMLA and short term disability leave (STD).

25. Plaintiff was determined to "have a determinable physical or mental characteristic" described by the ADA and MPWDA, specifically by MCL 37.1103(d), in that Plaintiff has a disability as defined by that section, and the Defendant employer was made aware of this.

26. After Plaintiff Thomas' third write-up, Plaintiff Thomas emailed Production Manager Rachael Green and complained about the verification policy and that Plaintiff felt he was being harassed by Supervisor Marvin Hendricks.

27. In addition, Plaintiff Thomas called the Pepsi employee hotline because after multiple calls to the Human Resources Department and not receiving a return call, Plaintiff Thomas knew of no other way to complain of not just the faulty batch verification system, but the abusive treatment he was receiving.

28. It was clear that Pepsi received Plaintiff Thomas' complaints, because Supervisor Frank Toprowski contacted Plaintiff Thomas and assured him the batch verification system was going to be tweaked, and that Plaintiff Thomas would have no future issues with his employment, and that Defendant Pepsi expected Plaintiff Thomas to remain in an employee for many years to come.

4

29.     Plaintiff Thomas was never late and never tardy and was always reliable as an employee. On days where he would take a personal day, he followed all appropriate protocol. In addition, Plaintiff Thomas always got along with fellow employees, and was well liked for his cheerful demeanor and consistent work ethic.

30.     Plaintiff Thomas returned from his STD and FMLA leave on or about August 1, 2016. On the day Plaintiff Thomas returned, Plaintiff went through the morning shift huddle and all of Plaintiff's co-workers welcomed him back and indicated they were happy to see him.

31.     After an hour, Plaintiff Thomas was pulled out of his shift and terminated.

32.     Plaintiff was told he was being terminated for a fourth write-up, for something that had happened months prior.

33.     This was transparent and vindictive in nature, and Defendant's motives were quite clear. Defendant terminated Plaintiff in retaliation for taking FMLA and STD as well as complaining to management about the faulty batch verification system.

34.     That Defendant's termination of Plaintiff was unlawful and constitutes disability discrimination and retaliation.

35.     That as a result of Defendant's unlawful acts, Plaintiff Thomas has suffered economic damages including lost wages, back pay, future pay, future raises and all other benefits provided, and further Plaintiff was forced to suffer a loss of health benefits, vacation pay, holiday pay and all other fringe benefits. Plaintiff has also suffered non-economic damages, including mental anguish, anxiety, as well as humiliation and embarrassment.

5

## COUNT I

## DISABILITY DISCRIMINATION AND RETALIATION IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

36.    Plaintiff hereby incorporates paragraphs 1 through 35 above, as though fully re-written herein.

37.    That as previously stated, Plaintiff is a member of a protected class by virtue of his medical condition, and that Defendant was well aware of Plaintiff's medical condition, and that further, Plaintiff was protected by the ADA, and MPWDA.

38.    That Plaintiff's medical condition and the fact Plaintiff took leave to treat said medical condition was clearly a factor in his termination by the Defendant, as well as Defendant's failure to re-hire Plaintiff in August, 2016.

39.    The MPWDA and ADA provide that an employer shall not discharge or otherwise discriminate or retaliate against an individual with respect to compensation or the terms, conditions or privileges of employment because of a disability.

40.    That Defendant did affect the terms and conditions of Plaintiff's employment by terminating Plaintiff's employment and subsequently refusing to re-hire him due to his disability as defined by the MPWDA.

41.    The fact that Plaintiff suffered a nervous breakdown on the job site and was forced to take leave to recuperate from same did not mean Plaintiff deserved to be terminated. In fact, the opposite was in fact true.

42.    That Plaintiff's performance, aside from situations involving the faulty batch verification system, was always and stellar and consistent. As such, Defendant

6

had no legitimate business reason that it would terminate and not re-hire Plaintiff in August, 2016.

43. That in fact Defendant did recognize Plaintiff's disability at the time he was rushed by ambulance to the hospital, and subsequently spoke to the Defendant representatives.

44. That despite the foregoing, Defendant retaliated against Plaintiff Thomas and terminated his employment on the very day he returned to work, providing a transparent and phony explanation for the termination.

45. That Defendant's actions against the Plaintiff are egregious and solely based on his medical condition and the fact that he took leave for same, and proximately caused Plaintiff Thomas to suffer back pay and future pay, future raises and all other benefits provided, and further has forced Plaintiff to suffer a loss of health benefits, vacation pay, holiday pay, and has also caused the Plaintiff to suffer mental anguish, anxiety, as well as humiliation and embarrassment.

WHEREFORE, Plaintiff, JOE C. THOMAS, hereby requests that this Honorable Court grant him an award in an amount in excess of $25,000.00 to which this Court believes Plaintiff Thomas is entitled, to fully compensate him for his economic and non-economic damages, which he has sustained as a direct and proximate result of Defendant's unlawful retaliation and termination of Plaintiff. Plaintiff likewise seeks recovery for his actual attorney's fees and costs and whatever other equitable relief this Honorable Court deems just.

## COUNT II

### DISCRIMINATION AND RETALIATION IN
### VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT

46.     Plaintiff hereby incorporates paragraphs 1 through 45 above, as though fully re-written herein.

47.     That as previously stated, Plaintiff is a member of a protected class by virtue of his medical condition, and that Defendant was well aware of Plaintiff's medical condition, and that further, Plaintiff was protected by §2615 of the Family & Medical Leave Act, otherwise found at 29 USC §2601 et. seq.

48.     That Plaintiff's medical condition and the fact Plaintiff took leave to treat said medical condition was clearly a factor in his termination by the Defendant, as well as Defendant's failure to re-hire Plaintiff in August, 2015.

49.     The FMLA provides that an employer shall not discharge or otherwise discriminate or retaliate against an individual with respect to compensation or the terms, conditions or privileges of employment because of a disability.

50.     That Defendant did affect the terms and conditions of Plaintiff's employment by terminating Plaintiff's employment and subsequently refusing to re-hire him due to his disability as defined by §2615 of the Family & Medical Leave Act, otherwise found at 29 USC §2601 et. seq.

51.     The fact that Plaintiff suffered a nervous breakdown on the job site and was forced to take leave to recuperate from same did not mean Plaintiff deserved to be terminated. In fact, the opposite was in fact true.

8

52.    That Plaintiff's performance, aside from situations involving the faulty batch verification system, was always and stellar and consistent. As such, Defendant had no legitimate business reason that it would terminate and not re-hire Plaintiff in August, 2015.

53.    That in fact Defendant did recognize Plaintiff's disability at the time he was rushed by ambulance to the hospital, and subsequently spoke to the Defendant's representatives.

54.    That despite the foregoing, Defendant retaliated against Plaintiff Thomas and terminated his employment on the very day he returned to work, providing a transparent and phony explanation for the termination.

55.    That Defendant's actions against the Plaintiff are egregious and solely based on his medical condition and the fact that he took leave for same, and proximately caused Plaintiff Thomas to suffer back pay and future pay, future raises and all other benefits provided, and further has forced Plaintiff to suffer a loss of health benefits, vacation pay, holiday pay, and has also caused the Plaintiff to suffer mental anguish, anxiety, as well as humiliation and embarrassment.

WHEREFORE, Plaintiff, JOE C. THOMAS, hereby requests that this Honorable Court grant him an award in an amount in excess of $25,000.00 to which this Court believes Plaintiff Thomas is entitled, to fully compensate him for his economic and non-economic damages, which he has sustained as a direct and proximate result of Defendant's unlawful retaliation and termination of Plaintiff. Plaintiff likewise seeks

9

recovery for his actual attorney's fees and costs and whatever other equitable relief this

Honorable Court deems just.


**VERIFIED STATEMENT:**

I verify that all the allegations in this Complaint are true to the best of my
recollection.

**JOE C. THOMAS**


Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

By: /s/ James R. Acho
JAMES R. ACHO (P 62175)
33900 Schoolcraft
Livonia Michigan  48150
(734) 261-2400

Dated: September 29, 2016

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JOE C. THOMAS,

      Plaintiff

  v

                                        Case No.
                                        HON.

_C D_

PEPSICO, INC., and PEPSI
BEVERAGES COMPANY,

      Defendants

                                                            /

CUMMINGS, MCCLOREY, DAVIS & ACHO, P.L.C.
By: JAMES R. ACHO (P 62175)
Attorneys for Plaintiff
33900 Schoolcraft
Livonia, MI 48150
(734) 261-2400

                                                            /

## DEMAND FOR TRIAL BY JURY

    NOW COMES the Plaintiff, JOE C. THOMAS, by and through his attorneys,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., by JAMES R. ACHO, and demands

a jury trial in the above-entitled action.

                Respectfully submitted,

                CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

                By: /s/ James R. Acho
                     JAMES R. ACHO (P 62175)
                     33900 Schoolcraft
                     Livonia Michigan 48150
                     (734) 261-2400

Dated: September 29, 2016

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO. 16-012519-CD Hon. Patricia Perez Fresard |
|---|---|---|

2 Woodward Ave., Detroit MI 48226                                                                        Court Telephone No. 313-224-5173

| Plaintiff Thomas, Joe C | v | Defendant PEPSI BEVERAGES COMPANY |
|---|---|---|
| Plaintiff's Attorney James R. Acho (P 62175) 33900 Schoolcraft Livonia, MI 48150 (734) 261-2400 | | Defendant's Attorney |

**SUMMONS**  **NOTICE TO THE DEFENDANT:**  In the name of the people of the State of Michigan you are notified:
1.  You are being sued.
2.  **YOU HAVE 21 DAYS** after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).  (MCR 2.111[C])
3.  If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 9/30/2016 | This summons expires 12/30/2016 | Court clerk File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.  This document must be sealed by the seal of the court.

**COMPLAINT**  *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff.  Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer     pending.  The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☒ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer     pending.  The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) City of Detroit, County of Wayne, Michigan | Defendant(s) residence (include city, township, or village) City of Detroit, County of Wayne, Michigan |
|---|---|
| Place where action arose or business conducted City of Detroit, County of Wayne, Michigan | |

September 30, 2016
Date

Signature of attorney/plaintiff



If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | PROOF OF SERVICE | CASE NO. 16-012519-CD |
|---|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**     OR     ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:     (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:     (notarization required)

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of me information, knowledge and belief.

| Service fee $ | Miles traveled $ | Mileage fee $ | Total fee $ | Signature |
|---|---|---|---|---|

Name (type or print)

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____     Signature: _____
Date     Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

db

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JOE C. THOMAS,

           Plaintiff

     v

PEPSICO, INC.,aka PEPSI, PEPSI
COLA BOTTLING COMPANY, and
PEPSI BEVERAGES COMPANY,

         Defendants

Case No.
HON.

𝒞𝒟

16-012519-CD

FILED IN MY OFFICE
WAYNE COUNTY CLERK
9/30/2016 12:58:45 PM
CATHY M. GARRETT

_____/

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
By: JAMES R. ACHO (P 62175)
Attorneys for Plaintiff
33900 Schoolcraft
Livonia, MI 48150
(734) 261-2400

_____/

     There is no civil action between these parties arising out of the
     same transaction or occurrences alleged in this Complaint pending
     in this Court, nor has any such action been assigned to a Judge.

## VERIFIED COMPLAINT

    NOW COMES the Plaintiff, JOE C. THOMAS, by and through his attorneys,

CUMMINGS, McCLOREY, DAVIS & ACHO, specifically by JAMES R. ACHO, and

hereby complains against the Defendants, stating more fully as follows:

## PARTIES, VENUE AND JURISDICTION

    1.    Plaintiff, Joe C. Thomas, is an individual residing in the City of Detroit,

County of Wayne, State of Michigan.

1

2. Defendant, Pepsico, Inc. ("Pepsi"), is an international bottling conglomerate, with offices and plants in the State of Michigan, specifically in the City of Detroit, County of Wayne, State of Michigan.

3. That all transactions or occurrences herein occurred in the City of Detroit, County of Wayne, State of Michigan.

4. Defendant Pepsico, Inc. ("Pepsi") is an employer within the meaning of the Michigan Persons With Disabilities Civil Rights Act (MPWDA), MCL 37.1101 and the Americans With Disabilities Act (ADA), 29 CFP.1630-1641, and the Family & Medical Leave Act (FMLA), 29 USC §2601.

5. That the amount in controversy exceeds $25,000.00.

6. That venue and jurisdiction are otherwise proper in this Court.

## COMMON ALLEGATIONS

7. Plaintiff hereby incorporates paragraphs 1 through 6 above, as though fully re-written herein.

8. Defendant first employed Plaintiff on February 10, 2015.

9. Prior to his employment with Defendant Pepsi, Plaintiff Thomas spent several years in the tool and die industry, where he developed a good reputation for having a strong work ethic.

10. Plaintiff was hired on February 10, 2015 as a "Batcher" at $18.22 an hour plus comprehensive medical benefits.

11. Plaintiff Thomas did not receive a 30, 60 or 90 day review and did not receive a written annual personnel review for 2015.

2

12. Plaintiff did, however, receive verbal reviews, and was repeatedly told he was "doing a great job" by his supervisors, specifically Senior Batcher Kevin Gilhooly and Quality Control Supervisor Frank Toprowski.

13. That in the fall of 2015, Defendant Pepsi implemented a new batch verification system or policy.

14. The new batch verification policy was flawed and would lead to batcher errors.

15. Plaintiff Thomas, a quiet and non-confrontational individual, initially said nothing to his supervisors, even though it was clear to everyone that the batch verification system was faulty.

16. On October 22, 2015, Plaintiff was written up for an error in batching.

17. On January 29, 2016, Plaintiff received a second write-up for a similar error.

18. On March 7, 2016, Plaintiff Thomas received a third write-up, for yet again another batching error.

19. All three write-ups Plaintiff received were illegitimate in the eyes of Plaintiff Thomas and his colleagues, because the errors were not due to the performance of Plaintiff Thomas, but because the batch verification system itself was flawed.

20. As a result, Plaintiff Thomas refused to sign all three of the write-ups.

21. As a result of the stress placed upon him by having to deal with a faulty batch verification system as a batcher, Plaintiff Thomas began to suffer health challenges.

3

22.  Plaintiff Thomas suffered a nervous breakdown in May, 2016, and was taken by ambulance to the hospital.

23.  Plaintiff Thomas was diagnosed with anxiety disorder and his physician placed Plaintiff on leave.

24.  Plaintiff immediately filed the necessary paperwork for FMLA and short term disability leave (STD).

25.  Plaintiff was determined to "have a determinable physical or mental characteristic" described by the ADA and MPWDA, specifically by MCL 37.1103(d), in that Plaintiff has a disability as defined by that section, and the Defendant employer was made aware of this.

26.  After Plaintiff Thomas' third write-up, Plaintiff Thomas emailed Production Manager Rachael Green and complained about the verification policy and that Plaintiff felt he was being harassed by Supervisor Marvin Hendricks.

27.  In addition, Plaintiff Thomas called the Pepsi employee hotline because after multiple calls to the Human Resources Department and not receiving a return call, Plaintiff Thomas knew of no other way to complain of not just the faulty batch verification system, but the abusive treatment he was receiving.

28.  It was clear that Pepsi received Plaintiff Thomas' complaints, because Supervisor Frank Toprowski contacted Plaintiff Thomas and assured him the batch verification system was going to be tweaked, and that Plaintiff Thomas would have no future issues with his employment, and that Defendant Pepsi expected Plaintiff Thomas to remain in an employee for many years to come.

4

29.   Plaintiff Thomas was never late and never tardy and was always reliable as an employee. On days where he would take a personal day, he followed all appropriate protocol. In addition, Plaintiff Thomas always got along with fellow employees, and was well liked for his cheerful demeanor and consistent work ethic.

30.   Plaintiff Thomas returned from his STD and FMLA leave on or about August 1, 2016. On the day Plaintiff Thomas returned, Plaintiff went through the morning shift huddle and all of Plaintiff's co-workers welcomed him back and indicated they were happy to see him.

31.   After an hour, Plaintiff Thomas was pulled out of his shift and terminated.

32.   Plaintiff was told he was being terminated for a fourth write-up, for something that had happened months prior.

33.   This was transparent and vindictive in nature, and Defendant's motives were quite clear: Defendant terminated Plaintiff in retaliation for taking FMLA and STD as well as complaining to management about the faulty batch verification system.

34.   That Defendant's termination of Plaintiff was unlawful and constitutes disability discrimination and retaliation.

35.   That as a result of Defendant's unlawful acts, Plaintiff Thomas has suffered economic damages including lost wages, back pay, future pay, future raises and all other benefits provided, and further Plaintiff was forced to suffer a loss of health benefits, vacation pay, holiday pay and all other fringe benefits. Plaintiff has also suffered non-economic damages, including mental anguish, anxiety, as well as humiliation and embarrassment.

5

## COUNT I

### DISABILITY DISCRIMINATION AND RETALIATION IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

36.    Plaintiff hereby incorporates paragraphs 1 through 35 above, as though fully re-written herein.

37.    That as previously stated, Plaintiff is a member of a protected class by virtue of his medical condition, and that Defendant was well aware of Plaintiff's medical condition, and that further, Plaintiff was protected by the ADA, and MPWDA.

38.    That Plaintiff's medical condition and the fact Plaintiff took leave to treat said medical condition was clearly a factor in his termination by the Defendant, as well as Defendant's failure to re-hire Plaintiff in August, 2016.

39.    The MPWDA and ADA provide that an employer shall not discharge or otherwise discriminate or retaliate against an individual with respect to compensation or the terms, conditions or privileges of employment because of a disability.

40.    That Defendant did affect the terms and conditions of Plaintiff's employment by terminating Plaintiff's employment and subsequently refusing to re-hire him due to his disability as defined by the MPWDA.

41.    The fact that Plaintiff suffered a nervous breakdown on the job site and was forced to take leave to recuperate from same did not mean Plaintiff deserved to be terminated. In fact, the opposite was in fact true.

42.    That Plaintiff's performance, aside from situations involving the faulty batch verification system, was always and stellar and consistent. As such, Defendant

6

had no legitimate business reason that it would terminate and not re-hire Plaintiff in August, 2016.

43.     That in fact Defendant did recognize Plaintiff's disability at the time he was rushed by ambulance to the hospital, and subsequently spoke to the Defendant representatives.

44.     That despite the foregoing, Defendant retaliated against Plaintiff Thomas and terminated his employment on the very day he returned to work, providing a transparent and phony explanation for the termination.

45.     That Defendant's actions against the Plaintiff are egregious and solely based on his medical condition and the fact that he took leave for same, and proximately caused Plaintiff Thomas to suffer back pay and future pay, future raises and all other benefits provided, and further has forced Plaintiff to suffer a loss of health benefits, vacation pay, holiday pay, and has also caused the Plaintiff to suffer mental anguish, anxiety, as well as humiliation and embarrassment.

WHEREFORE, Plaintiff, JOE C. THOMAS, hereby requests that this Honorable Court grant him an award in an amount in excess of $25,000.00 to which this Court believes Plaintiff Thomas is entitled, to fully compensate him for his economic and non-economic damages, which he has sustained as a direct and proximate result of Defendant's unlawful retaliation and termination of Plaintiff. Plaintiff likewise seeks recovery for his actual attorney's fees and costs and whatever other equitable relief this Honorable Court deems just.

7

## COUNT II

### DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT

46. Plaintiff hereby incorporates paragraphs 1 through 45 above, as though fully re-written herein.

47. That as previously stated, Plaintiff is a member of a protected class by virtue of his medical condition, and that Defendant was well aware of Plaintiff's medical condition, and that further, Plaintiff was protected by §2615 of the Family & Medical Leave Act, otherwise found at 29 USC §2601 et. seq.

48. That Plaintiff's medical condition and the fact Plaintiff took leave to treat said medical condition was clearly a factor in his termination by the Defendant, as well as Defendant's failure to re-hire Plaintiff in August, 2015.

49. The FMLA provides that an employer shall not discharge or otherwise discriminate or retaliate against an individual with respect to compensation or the terms, conditions or privileges of employment because of a disability.

50. That Defendant did affect the terms and conditions of Plaintiff's employment by terminating Plaintiff's employment and subsequently refusing to re-hire him due to his disability as defined by §2615 of the Family & Medical Leave Act, otherwise found at 29 USC §2601 et. seq.

51. The fact that Plaintiff suffered a nervous breakdown on the job site and was forced to take leave to recuperate from same did not mean Plaintiff deserved to be terminated. In fact, the opposite was in fact true.

8

52.     That Plaintiff's performance, aside from situations involving the faulty

batch verification system, was always and stellar and consistent. As such, Defendant

had no legitimate business reason that it would terminate and not re-hire Plaintiff in

August, 2015.

53.     That in fact Defendant did recognize Plaintiff's disability at the time he was

rushed by ambulance to the hospital, and subsequently spoke to the Defendant's

representatives.

54.     That despite the foregoing, Defendant retaliated against Plaintiff Thomas

and terminated his employment on the very day he returned to work, providing a

transparent and phony explanation for the termination.

55.     That Defendant's actions against the Plaintiff are egregious and solely

based on his medical condition and the fact that he took leave for same, and

proximately caused Plaintiff Thomas to suffer back pay and future pay, future raises and

all other benefits provided, and further has forced Plaintiff to suffer a loss of health

benefits, vacation pay, holiday pay, and has also caused the Plaintiff to suffer mental

anguish, anxiety, as well as humiliation and embarrassment.

WHEREFORE, Plaintiff, JOE C. THOMAS, hereby requests that this Honorable

Court grant him an award in an amount in excess of $25,000.00 to which this Court

believes Plaintiff Thomas is entitled, to fully compensate him for his economic and non-

economic damages, which he has sustained as a direct and proximate result of

Defendant's unlawful retaliation and termination of Plaintiff. Plaintiff likewise seeks

9

recovery for his actual attorney's fees and costs and whatever other equitable relief this

Honorable Court deems just.

**VERIFIED STATEMENT:**

I verify that all the allegations in this Complaint are true to the best of my recollection.

JOE C. THOMAS

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

By: /s/ James R. Acho
JAMES R. ACHO (P 62175)
33900 Schoolcraft
Livonia Michigan 48150
(734) 261-2400

Dated: September 29, 2016

10

Case 2:16-cv-13896-MAG-SDD   ECF No. 1-2   filed 11/02/16   PageID.47   Page 40 of 40

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JOE C. THOMAS,

        Plaintiff

   v

                                  Case No.
                                  HON.

PEPSICO, INC., and PEPSI
BEVERAGES COMPANY,

        Defendants

_____/

CUMMINGS, MCCLOREY, DAVIS & ACHO, P.L.C.
By: JAMES R. ACHO (P 62175)
Attorneys for Plaintiff
33900 Schoolcraft
Livonia, MI  48150
(734) 261-2400
_____/

## DEMAND FOR TRIAL BY JURY

      NOW COMES the Plaintiff, JOE C. THOMAS, by and through his attorneys,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., by JAMES R. ACHO, and demands

a jury trial in the above-entitled action.

                Respectfully submitted,

                CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

                By:  /s/ James R. Acho
                    JAMES R. ACHO (P 62175)
                    33900 Schoolcraft
                    Livonia Michigan  48150
                    (734) 261-2400

Dated: September 29, 2016

11